UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CARLOS AUGUSTO CHANG BARRIOS, ) <br> ) <br> Petitioner, ) <br> ) <br> v.      ) <br> ) <br> CRAIG SHEPLEY, et al.,      ) <br> ) <br> Respondents.      ) | 1:25-cv-00406-JAW |

**ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER**

The court issues a temporary restraining order, restraining the federal respondents from removing the petitioner from the District of Maine and ordering the federal respondents to allow for communication between the petitioner and his counsel, both pending further order of this court.

**I.    PROCEDURAL HISTORY**[1]

On August 6, 2025, Carlos Augusto Chang Barrios filed a verified petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a request for an emergency injunction. *Emergency Verified Pet. for Writ of Habeas Corpus and Req. for Emergency Injunctive Relief* (ECF No. 1) (*Pet. and Mot. for TRO*).  Mr. Chang, a citizen of Guatemala who has been in the United States since 2008, alleges he was detained by law enforcement officers on July 29, 2025, and subsequently transferred to the custody of U.S. Customs and Border Patrol (CBP), where he has been denied access

---

[1]    In ruling on the motion as quickly as possible, the Court has done its level best, but the parties should appreciate "the temporal constraints under which the district court labored." *See Bl(a)ck Tea Soc'y v. City of Boston*, 378 F.3d 8, 15 (1st Cir. 2004).

to counsel, in violation of the Due Process Clause of the Fifth Amendment. *Id.* at 2. He seeks, inter alia, a writ of habeas corpus and a temporary restraining order (TRO) preventing his transfer outside the District of Maine, and ordering Craig Shepley, in his official capacity as Deputy Chief Patrol Agent (DCPA) of the Houlton Sector, CBP, in the state of Maine, Peter R. Flores, in his official capacity as Acting Commissioner of CBP, Diane J. Sabatino, in her official capacity as Acting Executive Assistant Commissioner, Office of Field Operations, for CBP, Todd Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement (ICE), and Kristi Noem, in her official capacity as U.S. Secretary of Homeland Security (jointly, the Federal Respondents) to release him immediately. *Id.* at 3-4.

In accordance with 28 U.S.C. § 2243, on August 7, 2025, the Court issued an order to the Federal Respondents to show cause within three days why Mr. Chang's petition for a writ of habeas corpus should not be granted. *Order to Show Cause* (ECF No. 3). The Court's order instructed the parties it would schedule a hearing on the matter upon receiving the Federal Respondents' response. *Id.* at 2. The Federal Respondents' response was due by August 12, 2025. *Id.*

On August 8, 2025, the Court held a telephone conference of counsel to discuss the Petitioner's request for TRO and to be allowed access to his attorneys. *Min. Entry* (ECF No. 8). The Petitioner clarified that he is seeking an order temporarily enjoining the Federal Respondents from removing him from the District of Maine and ordering the Federal Respondents to allow communication between the Petitioner and his counsel. *Id.* The Federal Respondents reported they had no basis to oppose

2

the requested TRO on the transfer issue, and further reported they will make every effort to allow Mr. Chang to communicate with his attorneys. *Id.* In addition, the Federal Respondents confirmed the Petitioner is currently in CBP custody in Fort Fairfield, Maine and will imminently be transferred to ICE custody. *Id.* The Federal Respondents additionally reported that while CBP will endeavor to transfer Mr. Chang to a facility in Maine or Massachusetts, he may instead be moved to a facility in Louisiana or Texas as soon as this following Monday, August 11, 2025. *Id.*

At the conference, the Court granted the Federal Respondents' oral motion for extension of time to respond to the Court's August 7, 2025 order to show cause, instructing the Federal Respondents to file their response by August 26, 2025, and instructing the Clerk of Court to schedule a status conference with the parties at a time mutually convenient on August 29, 2025. *Id.*

## II.   FACTUAL RECORD

For the purposes of the requested TRO, the Court reviews the relevant facts as pleaded in Mr. Chang's verified petition, which the Court takes as true at this stage of the proceeding.

### A.   The Parties

Carlos Augusto Chang Barrios is a Guatemalan citizen who entered the United States in 2008. *Pet. and Mot. for TRO* at 3. Prior to his detention, he resided in Lawrence, Massachusetts and worked as a carpenter and regional leader of a national immigrant rights work organization. *Id.*

3

Craig Shepley is the Deputy Chief Patrol Agent of the CBP Houlton Sector in Maine. *Id.* Peter R. Flores is the Acting Commissioner of CBP. *Id.* Diane J. Sabatino is the Acting Executive Commissioner for the CBP Office of Field Operations. *Id.* at 3-4. Todd Lyons is the Acting Director for ICE. *Id.* at 4. Kristi Noem is the Secretary of Homeland Security. *Id.*

B. **Mr. Chang's Detention and Transfers**

Mr. Chang is a resident alien who does not have a criminal record, has never been arrested prior to the immediate action, and possesses a valid driver's license from the commonwealth of Massachusetts. *Id.* at 1.

Law enforcement detained Mr. Chang while driving to a job site with two other coworkers on July 29, 2025. *Id.* Mr. Chang was initially held at Somerset County Jail in Madison, Maine; however, he was transferred to CBP custody on July 31, 2025 at 7:00 p.m. and, since that time, he has been denied access to counsel and his family. *Id.* at 2. At the time of the filing of the petition, Petitioner's counsel believed he may be detained in Fort Fairfield, Maine because when counsel contacted the Fort Fairfield station, an agent communicated "we cannot confirm an individual's presence even with a signed G-28." *Id.* Petitioner's counsel was transferred to an agent in the processing department who reiterated the first agent's response, citing the Privacy Act in support of their position that they could not confirm whether Mr. Chang was in their custody. The agent from the processing department said "this facility does not allow attorneys to schedule visits or call with detained individuals." *Id.*

On August 5, 2025, Petitioner's cousin received a phone call from the Guatemalan Consulate in Chicago. *Id.* Petitioner's counsel believed the Consulate was attempting to connect Mr. Chang with his cousin, but a CBP agent disconnected the line before the cousin could ascertain Mr. Chang's location or Alien Registration Number (A-Number). *Id.* Mr. Chang's counsel continued their efforts to locate and communicate with him, and, at the time he filed his petition, remained unsuccessful. *Id.*

At the conference of counsel on August 8, 2025, the Federal Respondents reported the Petitioner is currently in CBP custody in Fort Fairfield, Maine and will imminently be transferred to ICE custody. *Min. Entry.* The Federal Respondents additionally reported that while CBP will endeavor to transfer him to a facility in Maine or Massachusetts, he may instead be moved to a facility in Louisiana or Texas as soon as August 11, 2025. *Id.*

### III. THE PARTIES' POSITIONS

#### A. The Petitioner's Motion for TRO

Mr. Chang argues his current detention violates his constitutional right to due process under the Fifth Amendment to the United States Constitution. *Pet. and Mot. for TRO* at 4. He alleges the Federal Respondents have denied his counsel's efforts to locate and communicate with him and, further, have "refused to disclose where and why he is being held, if he going to be placed into removal proceedings, or what legal basis supports his indefinite detention without access to counsel, ability to communicate with family." *Id.* at 2. In support of his due process claim, he asserts

5

that he "has unquestionably strong ties and deep connections to the United States and is entitled to access to basic rights." *Id.* at 4 (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (finding that non-citizens who have "established connections" in the United States have due process rights in deportation proceedings).

As clarified by Mr. Chang at the August 8, 2025 conference, he seeks an order temporarily preventing the Federal Respondents from removing him from the District of Maine pending further order of this Court. *Min. Entry*. He also seeks an emergency order from this Court to allow him communication with his counsel. *Id.*

## IV. LEGAL STANDARD

The standard for issuing a TRO is the same as for a preliminary injunction and is provided by traditional equity doctrines. *Aftermarket Auto Parts All., Inc. v. Bumper2Bumper, Inc.*, Civil No. 1:12-cv-00258-NT, 2012 U.S. Dist. LEXIS 143685, *3 (D. Me. Oct. 4, 2012); *accord* 11A WRIGHT, MILLER & KANE § 2942, at 37; *Alcom, LLC v. Temple*, No. 1:20-cv-00152-JAW, 2020 U.S. Dist. LEXIS 79863, at *15 (D. Me. May 6, 2020) (collecting cases).

"A preliminary injunction is an extraordinary and drastic remedy that is never awarded as of right." *Peoples Fed. Sav. Bank v. People's United Bank*, 672 F.3d 1, 8-9 (1st Cir. 2012) (quoting *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011); *accord Mass. Coal. of Citizens with Disabilities v. Civ. Def. Agency & Off. of Emergency Preparedness*, 649 F.2d 71, 76 n.7 (1st Cir. 1981) ("The authority of the District Court Judge to issue a preliminary injunction should

be sparingly exercised")). "In order for a court to grant this type of relief, a plaintiff 'must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that the injunction is in the public interest." *Peoples Fed. Sav. Bank*, 672 F.3d at 8-9 (quoting *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008)). "The party seeking the preliminary injunction bears the burden of demonstrating that these four factors weigh in its favor." *Esso Standard Oil Co. v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006). "[T]rial courts have wide discretion in making judgments regarding the appropriateness of" preliminary injunctive relief. *Sanchez v. Esso Standard Oil Co.*, 572 F.3d 1, 14 (1st Cir. 2010).

V.   DISCUSSION

At the conference of counsel on August 8, 2025, the Federal Respondents conceded that a TRO should issue at this time. *Min. Entry*. In conceding the propriety of the issuance of a TRO, the Federal Respondents have implicitly admitted that the Court may conclude that the Petitioner has proven each of the four factors essential for the issuance of a TRO. The Court accepts the Federal Respondents' concession.

"[An] injunction should issue only where [it is] essential in order effectually to protect . . . rights against injuries otherwise irremediable." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (quoting *Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919)). Here, the "irremediable" injury would be removal from this Court's

jurisdiction pending Mr. Chang's habeas corpus proceedings, and an inability to communicate with his counsel.

Accordingly, the Court circumscribes its remedy, at this time, to prevent the Federal Respondents from removing Mr. Chang from the District of Maine pending further order of this Court. The Court also orders the Federal Respondents to allow for communication between Mr. Chang and his counsel, Attorneys Alec Peters Larson and Meredith G. Schmid, pending further order of this Court. *See, e.g.*, *Lynch v. Dukakis*, 719 F.2d 504, 514 (1st Cir. 1983) ("The 'principles of equity jurisprudence' suggest that 'the scope of injunctive relief is dictated by the extent of the violation established . . . [and] the relief afforded [may not be] more burdensome than necessary to redress the complaining parties'") (citing *Califano v. Yamasaki*, 442 U.S. 682, 702, (1979); *Milliken v. Bradley*, 433 U.S. 267, 280-81 (1977)). Further, the length of the order is circumscribed by the likelihood that Mr. Chang will be moved from CBP to ICE custody in the very near future and, thus, the TRO is necessary to maintain the status quo. *See id.*

## VI.  BOND REQUIREMENT

Pursuant to Federal Rule of Civil Procedure 65(c), "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c). The First Circuit has explained "[t]he purpose of such a bond is to ensure that the enjoined party may readily be compensated for the costs incurred as

a result of the injunction should it later be determined that it was wrongfully enjoined." *Axia NetMedia Corp. v. Mass. Tech. Park Corp.*, 889 F.3d 1, 11 (1st Cir. 2018); *accord Edgar v. MITE Corp.*, 457 U.S. 624, 649 (1982) (Stevens, J., concurring) ("The bond, in effect, is the moving party's warranty that the law will uphold the issuance of the injunction").

The First Circuit has previously indicated "there is ample authority for the proposition that the provisions of Rule 65(c) are not mandatory and that a district court retains substantial discretion to dictate the terms of an injunction bond," *Int'l Ass'n of Machinists & Aerospace Workers v. E. Airlines, Inc.*, 925 F.2d 6, 9 (1st Cir. 1991) (collecting cases), but the district courts in this circuit have generally required a bond to be posted. *See WEX Inc. v. HP Inc.*, No. 2:24-cv-00121-JAW, 2024 U.S. Dist. LEXIS 119715, at *99-100 (D. Me. July 9, 2024) (collecting cases). District courts are vested with "wide discretion" to set the amount of the bond. *Axia NetMedia*, 889 F.3d at 11; *accord Totem Forest Prods. v. T & D Timber Prods.*, No. 2:17-cv-00070-JDL, 2017 U.S. Dist. LEXIS 26062, at *5 (D. Me. Feb. 24, 2017) ("The Court has discretion to determine the amount of the security"). Here, to comply with the mandatory nature of the bond requirement, the Court requires the Petitioner to post a bond of $100 within 48 hours of the issuance of this Order pursuant to Federal Rule of Civil Procedure 65(c).

## VII. CONCLUSION

The Court ORDERS that the Federal Respondents in this matter are hereby ENJOINED from removing Carlos Augusto Chang Barrios from the District of Maine pending further order of this Court.

The Court also EXTENDS the time for the Federal Respondents to respond to the Court's Order to Show Cause (ECF No. 3) to August 26, 2025. The Court will hold a follow-up telephone conference with counsel on August 29, 2025 at a mutually convenient time to be scheduled by the Clerk's Office.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of August, 2025