UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CARLOS AUGUSTO CHANG BARRIOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:25-cv-00406-JAW |
| | ) | |
| CRAIG SHEPLEY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER TO RESPOND**

On August 8, 2025, the Court granted Carlos Augusto Chang Barrios's motion for a temporary restraining order (TRO). *Order on Mot. for TRO* (ECF No. 10). Consistent with Federal Rule of Civil Procedure 65(c), which mandates that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained," the Court ordered Mr. Chang "to post a bond of $100 within 48 hours of the issuance of this Order." *Id.* at 9 (discussing FED. R. CIV. P. 65(c)).

On August 11, 2025, Mr. Chang moved for a fourteen-day extension to post the bond, informing the Court that "[u]ndersigned counsel contacted multiple insurance companies on Saturday and Sunday but was not able to secure a quote due to weekend closures." *Mot. for Extension of Deadline to Post Bond* at 2 (ECF No. 11). In addition, the Petitioner indicated that Mr. Chang's signature might be required to apply for the bond, which could be problematic given his detention. *Id.* The Court

granted Mr. Chang's motion on August 12, 2025, extending the time for filing the bond to August 25, 2025. *Order* (ECF No. 12).

From the motion, Mr. Chang may be having difficulty obtaining a bond, and the Court notes that other courts within the First Circuit have accepted cash or a check in lieu of a bond. *See Perfection Fence Corp. v. Fiber Composites, LLC*, No. 04-12094-GAO, 2005 U.S. Dist. LEXIS 2157, at *15 (D. Mass. Feb. 10, 2005) ("It is further ORDERED that Perfection Fence shall post an injunction bond in cash or by a corporate surety"); *Contour Design, Inc. v. Chance Mold Steel Co.*, No. 09-cv-451-JL, 2013 U.S. Dist. LEXIS 68447, at *8 n.2 (D.N.H. May 14, 2013) ("the TRO required Contour to post a bond, which it did, by depositing $50,000 in cash with the court"); *Maine v. United States Dep't of Agric.*, No. 1:25-cv-00131-JAW, *Order on Joint Mot. to Extend TRO* at 5 (ECF No. 16) ("the Court ORDERS the state of Maine, by agreement of the parties and in lieu of the bond requirement, to issue a check in the amount of $1,000, payable to the Clerk of Court of the United States District Court for the District of Maine"); *see also Int'l Ass'n of Machinists & Aerospace Workers v. E. Airlines, Inc.*, 925 F.2d 6, 9 (1st Cir. 1991) (observing that "a district court has substantial discretion to dictate the terms of an injunction bond"). If Mr. Chang prefers to obtain a bond, he may do so under the current order; however, if he wishes to submit cash or a check in lieu of a bond, the Court will consider his request, especially if—as in *Maine*—the Federal Respondents do not object.

The Court ORDERS Carlos Augusto Chang Barrios to move the Court within three days to permit him to submit cash or a check in lieu of a bond in compliance

with the Court's Order on Motion for Temporary Restraining Order (ECF No. 10) and the bond requirement of Rule 65(c), and, if Mr. Chang so moves, ORDERS the Federal Respondents to respond within two days thereof as to whether it would object to payment by cash or a check in lieu of a bond.

    SO ORDERED.

                                          <u>/s/ John A. Woodcock, Jr.</u>
                                          JOHN A. WOODCOCK, JR.
                                          UNITED STATES DISTRICT JUDGE

Dated this 12th day of August, 2025